# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JEFFREY SELSOR,

            Plaintiff,

      vs.

B. WEAVER, et al.,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:15-cv-00918-LJO-BAM (PC)

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF CERTAIN
CLAIMS AND DEFENDANTS

(ECF No. 11)

**FOURTEEN (14) DAY DEADLINE**

---

### Findings and Recommendations Following Screening

### I.      Background

Plaintiff Jeffrey Selsor ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 16, 2015.

In Plaintiff's original complaint, he named the following defendants: (1) Lt. B. Weaver; (2) Correctional Officer Castaneda; (3) Correctional Officer Docanto; (4) Correctional Officer T.J. Jordan; (5) Correctional Officer D.D. Nora; and (6) Correctional Officer V. Juarez. (ECF No. 1.) On June 8, 2016, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that it failed to state a claim upon which relief may be granted against any defendant. (ECF No. 10.) Plaintiff was granted leave to amend his complaint. (Id. at 8.)

On June 17, 2006, Plaintiff filed an amended complaint. (ECF No. 11.) In Plaintiff's amended complaint, he only named Correctional Officers Docanto, Castaneda, and T.J. Jordan as

defendants. On July 25, 2016, the Court screened the amended complaint and found that Plaintiff stated a cognizable claim for excessive force against Defendants Docanto and Jordan for allegedly attacking him on September 20, 2014, and for the failure to protect him from the attack against Defendant Castaneda, in violation of the Eighth Amendment, but did not state any other cognizable claims. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff was ordered to either file a second amended complaint, or notify the Court that he did not wish to file any second amended complaint and was willing to proceed on the cognizable claims. (ECF No. 12.)

On August 3, 2016, Plaintiff notified the Court that he did not intend to file a second amended complaint and wished to proceed only with the cognizable claims against Defendants Docanto, Jordan and Castaneda. (ECF No. 13.) Accordingly, the Court issues the following findings and recommendations.

II. **Discussion**

A. **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### B.   Plaintiff's Allegations

Plaintiff is currently incarcerated at the Salinas Valley State Prison ("SVSP") in Soledad, California. The events in the amended complaint are alleged to have occurred at Corcoran State Prison. Plaintiff names the following defendants:  (1) Correctional Officer Castaneda; (2) Correctional Officer Docanto; and (3) Correctional Officer T.J. Jordan. Plaintiff alleges as follows:

On September 20, 2014, at approximately 12:25 hours, while conducting yard release, Defendants Docanto and Jordan were performing an unclothed body search of Inmate Zaisa, CDCR No. G-23-177, cell 4B2L-37, without incident. Defendant Castaneda was working in the control booth while yard release was being conducted. This put him in charge of the cell doors opening and closing. At all times relevant to this matter, Plaintiff and Inmate Zaisa shared a cell.

After searching Inmate Zaisa, Defendant Jordan placed Inmate Zaisa in waist restraints. Plaintiff informed Defendants Docanto and Jordan that he did not wish to go to the yard, and Defendants Docanto and Jordan said that was okay. Defendant Jordan then placed Plaintiff into handcuffs to allow Inmate Zaisa to exit the cell.

After Plaintiff was secured in handcuffs, Defendant Jordan signaled to Defendant Castaneda, who was working the control booth, to open cell 37. Inmate Zaisa then backed out of the cell and was escorted by Officers C. Guthrie and Officer B. Resa. With Inmate Zaisa outside of the cell, and under escort to the yard, the cell door was activated to close by Defendant

Castaneda. At this point, with the cell door partially closed and moving, Defendant Docanto, without warning or giving any order, reached into the cell and grabbed Plaintiff roughly, yanking Plaintiff backward into the steel cell door. Defendant Castaneda observed Plaintiff being attacked from behind, and failed to protect Plaintiff from said physical attacks. Instead, Defendant Castaneda activated the cell door to begin reopening. Defendant Docanto persisted in his attack by punching and kicking Plaintiff in the back and legs. With the cell door now fully reopened, Defendant Jordan joined in the attack by punching and kicking Plaintiff in the back and legs, pummeling Plaintiff to the ground. When Defendants Docanto and Jordan executed their attack, Defendant Castaneda was in power to close the door where Plaintiff was at, and in doing so stop the attack by denying Defendants Castaneda and Docanto access to Plaintiff. Instead, Defendant Castaneda further opened the cell door, giving Defendants Docanto and Jorden even greater access to perpetuate their attack.

As a result of this "gratuitous attack" by Defendants Docanto and Jordan, Plaintiff suffered swelling and bruising to his lower back and legs, lasting several days, and continuing nerve damage to his lower back. (ECF No. 11, p. 6.) To carry out this attack, Defendants Docanto, Jordan and Castaneda deliberately disregarded CDCR use of force policy, which calls for a first or second level supervisor to be present prior to using force in a controlled area, such as a cell. Plaintiff has been permanently injured by Defendants Docanto, Jordan, and Castaneda's use of excessive force on September 20, 2014, "administering cruel and unusual punishment on the Plaintiff." (Id.) Plaintiff is suffering from serious lower back pain as a result of the use of excessive force. The "unjustified and penologically unnecessary use of excessive force" upon Plaintiff by Defendants Docanto, Jordan, and Castaneda on September 20, 2014 violated his rights under the Eighth Amendment to the U.S. Constitution in that it constituted cruel and unusual punishment. Defendant Castaneda's failure to intervene while in a capacity to do so constituted violating Plaintiff's Eight Amendment rights.

Plaintiff alleges a claim against Defendants Docanto, Jordan, and Castaneda for violation of his Eighth Amendment right to be free from excessive force in an unprovoked and unjustified attack, and against Defendant Castaneda for failing to intervene in an attack on Plaintiff by

4

Defendants Docanto and Jordan. Plaintiff seeks a judgment against Defendants, jointly and severally, for $250,000 in actual damages to be proved at trial, costs, reasonable attorney's fees, punitive damages, and any other relief to which Plaintiff may be entitled.

### C.   Deficiencies of Complaint

#### 1.   Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992)(citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff has stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Docanto and Jordan for allegedly attacking him on September 20, 2014. However, Plaintiff has not stated a claim against any other defendant for excessive force in violation of the Eighth Amendment. Specifically, Plaintiff has not alleged that Defendant Castaneda applied any force to Plaintiff, through physical contact or otherwise. "If there has been no physical contact or any physical impact, there is no claim for excessive force." Jacobs v. Woodford, No. 1:08-CV-00369AWIJLT, 2010 WL 3957498, at *4 (E.D. Cal. Oct. 8, 2010).

///

///

### 2. <u>Failure to Protect—Eighth Amendment Claim</u>

Prison officials have a duty under the Eighth Amendment to take reasonable steps to protect inmates from physical abuse. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832–33, 114 S. Ct. 1970 (1994); <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." <u>Farmer</u> at 834. This showing involves subjective and objective components: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." <u>Id</u>. at 837. The question under the Eighth "Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ....' " <u>Id</u>. at 843 (citing <u>Helling v. McKinney</u>, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)).

At the pleading stage, Plaintiff has stated a cognizable claim against Defendant Castaneda for failing to intervene in the attack by Defendants Docanto and Jordan on September 20, 2014.

### 3. <u>CDCR Use of Force Policy</u>

Plaintiff alleges that Defendants Docanto, Jordan, and Castaneda violated CDCR use of force policy, which requires a first or second level supervisor to be present prior to using force in a controlled area, such as a cell. To the extent that plaintiff attempts to bring any claims solely based on Defendants' violation of prison rules and policies, he may not do so, as alleged violations of prison rules and policies do not give rise to a cause of action under § 1983. Section 1983 provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting <u>Lovell v. Poway Unified Sch. Dist</u>., 90 F.3d 367, 370 (9th Cir. 1996)); <u>see</u> <u>Davis v. Kissinger</u>, No. CIV S–04–0878 GEB DAD P, 2009 WL 256574, * 12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. <u>Cousins v. Lockyer</u>, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting

Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any CDCR use of force policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under section 1983.

### 4. Defendants Weaver, Nora, and Juarez

As noted above, Plaintiff's original complaint named the following defendants: (1) Lt. B. Weaver; (2) Correctional Officer Castaneda; (3) Correctional Officer Docanto; (4) Correctional Officer T.J. Jordan; (5) Correctional Officer D.D. Nora; and (6) Correctional Officer V. Juarez. (ECF No. 1.) Plaintiff's amended complaint only named Correctional Officers Docanto, Castaneda, and T.J. Jordan as defendants. There were no allegations against Lt. B. Weaver, Correctional Officer D.D. Nora, or Correctional Officer V. Juarez.

An amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. Here, as Plaintiff has made no allegations against Defendants Weaver, Nora, and Juarez in his first amended complaint, his claims against those parties are waived. Thus, those defendants should be dismissed from this action for failure to state a cognizable claim against them.

### III.   Conclusion and Recommendations

Plaintiff's first amended complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Docanto and Jordan for allegedly attacking him on September 20, 2014, and for the failure to protect him from the attack against Defendant Castaneda, in violation of the Eighth Amendment. However, Plaintiff has failed to state any other cognizable claim against any other defendant. The Court therefore recommends that Plaintiff's (1) claim for excessive force against Defendant Castaneda; (2) claims against Defendants Docanto, Jordan, and Castaneda for violating the CDCR use of force policy; and (3) Defendants Weaver, Nora and Juarez, be dismissed from this action. Plaintiff was provided with

an opportunity to file a second amended complaint, but opted to proceed on the cognizable claims. As such, the Court does not recommend granting further leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1.   This action proceed on Plaintiff's first amended complaint, filed on June 17, 2016, for excessive force against Defendants Docanto and Jordan for allegedly attacking him on September 20, 2014, and for the failure to protect him from the attack against Defendant Castaneda, in violation of the Eighth Amendment;

2.   Plaintiff's claim for excessive force against Defendant Castaneda, and claims against Defendants Docanto, Jordan, and Castaneda for violating the CDCR use of force policy, be dismissed; and

3.   Defendants B. Weaver, D. D. Nora, and V. Juarez be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __**August 8, 2016**__          ____/s/ _Barbara A. McAuliffe_____

UNITED STATES MAGISTRATE JUDGE